**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

ROCKEFELLER PHOTOS, LLC,

|  |  |  |
|---|---|---|
| | Plaintiff, | 6:25-cv-930 |
| | | (ECC/MJK) |
| v. | | |
| FRESCO FISH, INC., | | |
| | Defendant. | |

---

Daniel DeSouza, Esq., *for Plaintiff*
Michael Ryan Jones, Esq., *for Defendant*

**Hon. Elizabeth C. Coombe, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

On July 16, 2025, Plaintiff Rockefeller Photos, LLC initiated this action, Dkt. No. 1; on October 31, 2025, Plaintiff filed an amended complaint alleging a violation of the United States Copyright Act, 17 U.S.C § 101, *et seq.*, against Defendant Fresco Fish, Inc., Amended Complaint (Am. Compl.), Dkt. No. 22. Presently before the Court is Defendant's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. No. 20. Although the amended complaint was filed after the motion to dismiss, Defendant consented to the evaluation of the pending mention to dismiss in light of the facts alleged in the amended complaint. Dkt. No. 24. The motion is fully briefed. Dkt. Nos. 20, 25, 26. For the following reasons, Defendant's motion to dismiss is denied.

## I.    FACTS[1]

Plaintiff Rockefeller Photos, LLC provides photography and videography and specializes in photographs and videos for the food and beverage industry.  Am. Compl. ¶ 6.  Prepared Food Photos, Inc. f/k/a Adlife Marketing & Communications, Co., Inc. (Prepared Food Photos), is one of Plaintiff's customers.  *Id.* at ¶ 7.  On December 12, 2024, Plaintiff and Prepared Food Photos executed an agreement titled an "Agency Agreement for the Licensing of Rights Managed Works," whereby Prepared Food Photos conveyed to Plaintiff the "unrestricted, exclusive right to distribute, License, and/or exploit the Works in the Territory through Agency," the "exclusive use rights to the Works," the "exclusive right to authorize the making of copies of the Works and/or distribute copies of the Works to the public by rights-managed license, and to authorize and control the display of those works publicly . . . ."  *Id.* at ¶¶ 7, 11.  "The Works"[2] is alleged to be a photograph titled "HaddockFilet006, 03-16-1997", *id.* at ¶ 8, which was registered with the Register of Copyrights on October 14, 2016 and assigned Registration Number VA 2-019-921, *id.* at ¶ 9.

Defendant Fresco Fish, Inc. (Defendant) owns and operates a seafood market and restaurant, and advertises through social media and its website.  *Id.* at ¶¶ 13, 14.  Plaintiff alleges that on November 4, 2024, Defendant "displayed and/or published a cropped and/or edited (i.e., derivative copy) version of the Work on its website, webpage, and or social media as a means of advertising, promoting, and/or marketing its business."  *Id.* at ¶ 15.  Plaintiff alleges that Defendant

---

[1]  These facts are drawn from the amended complaint.  The Court assumes the truth of, and draws reasonable inferences from, the well-pleaded factual allegations, *see Lynch v. City of New York*, 952 F.3d 67, 74–75 (2d Cir. 2020), but does not accept as true any legal conclusions, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[2] The Court notes that the image at issue is referred to both as "The Works" and "The Work" throughout the parties' briefings.  The Court will refer to the image as "The Work."

was not licensed to use or display the Work or any derivative and that Defendant never sought permission to use The Work. *Id.* at ¶ 17. Plaintiff and/or Prepared Food Photos "discovered Defendant's unauthorized use/display of a derivative version of the Work in November 2024," and "notified Defendant in writing of such unauthorized use." *Id.* at ¶ 20.

## II.    LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim, "a complaint must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Mayor & City Council of Balt. v. Citigroup, Inc.*, 709 F.3d 129, 135 (2d Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff must provide factual allegations sufficient "to raise a right to relief above the speculative level[.]" *Id.* (quoting *Twombly*, 550 U.S. at 555). A court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See EEOC v. Port Auth.*, 768 F.3d 247, 253 (2d Cir. 2014) (citing *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III.    DISCUSSION

Defendant argues that Plaintiff's claim should be dismissed because the amended complaint (1) "does not plausibly allege ownership of a valid copyright"; (2) "identifies inconsistent and conflicting images that do not correspond to the registered work"; and (3) "fails to demonstrate substantial similarity between the registered and accused images." Dkt. No. 20-1 at 6. Defendant also argues that "Plaintiff's allegation of willfulness is conclusory and unsupported by any factual basis," and that Plaintiff's "requests for injunctive and monetary relief exceed what is available under the circumstances alleged." *Id.*

3

To establish a claim of copyright infringement, "a plaintiff with a valid copyright must demonstrate that: (1) the defendant has actually copied the plaintiff's work; and (2) the copying is illegal because a substantial similarity exists between the defendant's work and the protectible elements of the plaintiffs." *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 63 (2d Cir. 2010)).

### A.      Ownership

"[O]wnership of a copyright may either be transferred by operation of law (e.g., dissolution of the corporate entity) or by 'an instrument of conveyance, or a note or memorandum of the transfer . . . in writing and signed by the owner of the rights conveyed or such owner's duly authorized agent.'" *Wallert v. Atlan*, 141 F. Supp. 3d 258, 277 (S.D.N.Y. 2015) (quoting 17 U.S.C. § 204(a)).  "[A]n assignee may assert a claim for copyright infringement that occurred after the transfer as long as he plausibly alleges that he received the copyright through a valid transfer and was the copyright owner during the alleged infringement." *Hutson v. Notorious B.I.G., LLC*, No. 14-cv-2307, 2015 WL 9450623, at *3 (S.D.N.Y. Dec. 22, 2015).

Plaintiff alleges that on December 12, 2024, Plaintiff and Prepared Food Photos executed the "Agency Agreement for the Licensing of Rights Managed Works," whereby Prepared Food Photos conveyed to Plaintiff the "unrestricted, exclusive right to distribute, License, and/or exploit the Works in the Territory through Agency," the "exclusive use rights to the Works," the "exclusive right to authorize the making of copies of the Works and/or distribute copies of the Works to the public by rights-managed license, and to authorize and control the display of those works publicly . . . ." Am. Compl. ¶¶ 7, 11.  "The Agreement also conveyed "the exclusive right to pursue infringement claims for violations of exclusive copyright interests granted to the Agency, whether such infringements commenced prior to execution of this Agreement or during the term of this Agreement." *Id.* at ¶ 12.

4

Although Defendant characterizes the amended complaint as containing "bare legal conclusions" because there are no "factual allegations or a written instrument establishing ownership," Dkt. No. 20-1 at 7, Plaintiff is not required to provide a "detailed factual recitation" outlining the precise "chain of title" which ultimately led to the ownership of the copyright to survive a motion to dismiss. *U2 Home Ent., Inc. v. Kylin TV, Inc.*, No. 06-cv-2770, 2007 WL 2028108, at *7 (E.D.N.Y. July 11, 2007). Instead, "a mere allegation of ownership may suffice" even though "later in the litigation the plaintiff bears the burden of proving copyright ownership." *Hartmann v. Popcornflix.com* LLC, 690 F. Supp. 3d 309, 317 (S.D.N.Y. 2023) (quoting *Hartmann v. Amazon.com, Inc.*, No. 20 Civ. 4928, 2021 WL 3683510, at *4 (S.D.N.Y. Aug. 19, 2021)).Plaintiff has satisfied that standard by plausibly alleging that it owns the copyright to The Work.

### B.    Images

Defendant argues that Plaintiff's amended complaint fails as a matter of law because "the image cited in the Complaint is different than the copyrighted image." Dkt. No. 20-1 at 8. Defendant attached a photograph of what it claims to be the copyrighted image to its motion to dismiss, and explains how that photograph is different that the one in the amended complaint. Plaintiff responds that the Court may not consider documents that are not attached to the amended complaint. Although this is generally true, even "[w]here a document is not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' thereby rendering the document 'integral' to the complaint." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230–31 (2d Cir. 2016) (quoting *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010); *see also id.* (holding that courts may consider "any written instrument attached to [the complaint] as an exhibit or any statements or documents incorporated in it by reference") (quoting *Chambers v. Time Warner Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). Here,

however, even if the Court were to consider the image that Defendant purports is the registered image, it is merely an attachment to Defendant's motion to dismiss, and there is no registration or documentation from the Register of Copyrights to support that it is indeed the registered image. *See* Dkt. No. 20-5. In contrast, Plaintiff alleges that the image in the amended complaint is the copywritten image, Am. Compl. ¶¶ 8, 9, and the Court *must* assume that those allegations are true and correct at this stage. *See Lynch*, 952 F.3d at 74–75. Therefore, the Court will only consider the image in the amended complaint.

### C.      Substantial Similarity

"In determining substantial similarity as a matter of law on a motion to dismiss, the question is whether an 'ordinary observer, unless he set out to detect the disparities, would be disposed to overlook them, and regard their aesthetic appeal as the same.'" *Premier Fabrics, Inc. v. Woodland Trading Inc.*, 42 F. Supp. 3d 49, 554 (S.D.N.Y. 2014) (quoting *Peter Pan Fabrics, Inc. v. Martin Weiner Corp.*, 274 F.2d 487, 489 (2d Cir. 1960)). "In applying that standard, the appropriate consideration is whether 'an average lay observer would [ ] recognize the alleged copy as having been appropriated from the copyrighted work.'" *Id.* (quoting *Knitwaves, Inc. v. Lollytogs Ltd. (Inc.)*, 71 F.3d 996, 1002 (2d Cir. 1995)). "A court may find noninfringement as a matter of law only if 'no reasonable trier of fact could find the works substantially similar,' or if 'the similarity concerns only noncopyrightable elements of [the plaintiff's] work.'" *Id.* (quoting *Walker v. Time Life Films, Inc.*, 784 F.2d 44, 48 (2d Cir. 1986)).

Comparing the copyrighted image with the image used by Defendant that are in the amended complaint, *compare* Am. Compl. ¶ 8 *with id.*, Ex. B, the Court does not conclude that no reasonable trier of fact could find the images substantially similar. Both images feature fish filets on similarly tilted brown cutting boards with a green garnish and two lemon wedges in the same place. *See id.* To be sure, the image Defendant used appears to magnify the filets, but taken

6

together, the images' "total concept and overall feel" are quite similar. *Tufenkian Import/Export Ventures, Inc. v. Einstein Moomjy, Inc.*, 338 F.3d 127, 133–34 (2d Cir. 2003) ("[I]nfringement analysis is not simply a matter of ascertaining similarity between components viewed in isolation. For the defendant may infringe on the plaintiff's work not only through literal copying of a portion of it, but also by parroting properties that are apparent only when numerous aesthetic decisions . . . are considered in relation to one another.") (citations omitted). "Although a trier of fact ultimately may find that they are sufficiently distinct to preclude a finding of copyright infringement, the Court cannot rule at this juncture as a matter of law that they are so different as to demand dismissal of plaintiff's claims." *Premier Fabrics, Inc.*, 42 F. Supp. 3d at 554. Therefore, at this stage, Plaintiff has sufficiently alleged the substantial similarity of the images.

### D.    Willfulness

"Once an act of infringement under the Copyright Act has been proven, a plaintiff may, in lieu of an award of actual damages and profits, request that statutory damages under 17 U.S.C. § 504(c) be awarded." *Island Software and Computer Service, Inc. v. Microsoft Corp.*, 413 F.3d 257, 262 (2d Cir. 2005). "If the defendant's infringement was willful . . . the district court may . . . , in its discretion, enhance the statutory damages award to as much as $150,000 per infringed work. *Id.* at 263 (citing 17 U.S.C. § 504(c)(2)).

"To prove 'willfulness' under the Copyright Act, the plaintiff must show (1) that the defendant was actually aware of the infringing activity, or (2) that the defendant's actions were the result of 'reckless disregard' for, or 'willful blindness' to, the copyright holder's rights." *Id.* (collecting cases); *see also Hamil America, Inc. v. GFI*, 193 F.3d 92, 97 (2d Cir. 1999) ("The standard is simply whether the defendant had knowledge that its conduct represented infringement or perhaps recklessly disregarded the possibility.") (quotation omitted).

7

Defendant cites to *McDermott v. Kalita Mukul Creative Inc.*, 757 F. Supp. 3d 301 (E.D.N.Y. 2024), to support its position that Plaintiff has failed to allege Defendant willfully infringed on Plaintiff's copyright. However, that case is distinguishable because it was decided at a much later stage of the litigation where the district court was considering briefing submitted after a bench trial on the issue of damages. *See* 757 F. Supp. 3d at 307. This case has only reached the motion to dismiss stage.

"Because determining willfulness is highly fact-dependent, allegations of willfulness are rarely dismissed as deficient on the pleadings." *Lee v. Karaoke City*, No. 18 Civ. 3895, 2020 WL 5105176, at *10 (S.D.N.Y. Aug. 31, 2020). "That said, it is a close question whether [Plaintiff's] [amended c]omplaint adequately alleges willfulness, because its factual allegations on that specific point are sparse." *Id.* Nevertheless, Plaintiff has adequately alleged, at a minimum, that Defendant acted with a reckless disregard for Plaintiff's alleged rights in the Work at this initial stage of the litigation.

### E.    Injunctive and Damages Relief

Under 17 U.S.C. § 502(a), a court may "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." An injunction is appropriate if the plaintiff establishes: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as money damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *Salinger v. Colting*, 607 F.3d 68, 77 (2d Cir. 2010) (citing *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006)). Courts routinely address these concerns by awarding injunctive relief in copyright cases where liability is established and there is a danger of ongoing

8

infringement.  *See, e.g.*, *TigerCandy Arts, Inc. v. Blairson Corp.*, No. 09 Civ. 6215, 2012 WL 760168, at *8 (S.D.N.Y. Feb. 23, 2012), *adopted*, 2012 WL 1948816 (S.D.N.Y. May 30, 2012).

In support of its argument seeking dismissal of Plaintiff's requests for injunctive and damages relief, Defendant cites to cases that were at a different stage of the litigation process. Liability has not been established as a matter of law in this case.  This case has only reached the motion to dismiss stage, and Plaintiff has adequately alleged that it is entitled to injunctive relief to survive the motion to dismiss.

## IV.    CONCLUSION

For these reasons, it is hereby

**ORDERED** that Defendant's motion to dismiss under Rule 12(b)(6), Dkt. No. 20, is **DENIED**.

**IT IS SO ORDERED.**

Dated: August 10, 2026

_____
Elizabeth C. Coombe
U.S. District Judge

9